UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EBN BASKERVILLE,<br><br>     Plaintiff,<br><br>v.<br><br>COUNTY OF HUDSON, *et al.*,<br><br>     Defendants. | Civil. Action No. 22-1023 (JXN)(MAH)<br><br>**OPINION** |

**NEALS**, District Judge

  Before the Court is *pro se* Plaintiff Ebn Baskerville's ("Plaintiff") civil rights Complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and his application to proceed *in forma pauperis* (ECF No. 4). Based on his affidavit of indigence (ECF No. 4), the Court grants him leave to proceed *in forma pauperis* and orders the Clerk of the Court to file the Complaint.

  The Court must now review Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons stated herein, Plaintiff's claims are dismissed for failure to state a claim on which relief may be granted.

**I.  BACKGROUND**

  The Court construes the factual allegations of the Complaint as true for the purposes of this screening only. On or about February 24, 2022, Plaintiff, a pre-trial detainee confined in Hudson County Correctional Facility ("HCCF"), in Kearney, New Jersey, filed his Complaint in this matter. (*See* ECF No. 1.) The Complaint raises claims regarding the conditions of confinement at

HCCF due to the COVID-19 pandemic against Hudson County, County Executive Thomas A. DeGise, HCCF's Director Ronald P. Edwards, Social Services Ombudsmen Gheya Butler, and oJuan Zapata, Lieutenant Williams, Lieutenant Dilly and Sergeant Zabrana (*Id.* at 1, 4.)

Plaintiff submits that between December 14, 2022 and January 20, 2022, he was "locked down" for twenty-three-and-a-half hours a day, with no access to medical, legal, recreational, or sanitary means "under the guise of [C]ovid." (*Id.* at 5.) Plaintiff was bedridden with illness for three days in January 2022, "assumingly after coming in contact with [C]ovid." (*Id.* at 6.) Plaintiff states there were no protocols in place at HCCF to help incarcerated individuals prevent the spread of Covid. (*Id.*) Plaintiff claims the HCCF is lacking in cleaning methods, gloves, masks, and other protective equipment, and food is served by personnel who were not medically cleared. (*Id.*) Plaintiff also states the officers devise their own rules on the continued extreme lockdown and social workers have become calloused and distant. (*Id.*)

Plaintiff alleges that Defendant Thomas A. DeGise "is a [C]ounty [E]xecutive an[d] totally oblivious to the functions an[d] violations present in HCCF." (*Id.* at 4.) Defendant Ronald P. Edwards is the "[D]irector of HCCF an[d] participates in the ongoing dehumanization of detainees [in] his facility." (*Id.*) Plaintiff claims Defendants Gheya Butler and Juan Zapata colluded to neglect and disregard complaints and grievances Plaintiff filed regarding his struggles at HCCF. (*Id.*)

Plaintiff seeks monetary damages and injunctive relief. Specifically, he seeks an investigation into inmate treatment at HCCF. (*Id.* at 6-7.)

## II. STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim

that is frivolous, is malicious, fails to state a claim upon which the court may grant relief or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B), 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. DISCUSSION

Plaintiff's Complaint asserts Defendants are liable to him under 42 U.S.C. § 1983 based on claims of conditions of confinement and conspiracy. (*See generally* ECF No. 1.) A plaintiff

3

may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to obtain relief under § 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000).

Here, the Court construes Plaintiff's Complaint to allege claims for relief against Defendants Hudson County, Thomas A. DeGise, the HCCF, Ronald P. Edwards Gheya Butler, Juan Zapata, Lieutenant Williams, Lieutenant Dilly and Sergeant Zabrana.

### A. Failure to State a Claim

#### 1. *Conditions of Confinement*

The Court construes Plaintiff's allegations as raising a claim that the conditions of Plaintiff's confinement at HCCF during the COVID-19 pandemic amounts to unconstitutional punishment. (*See generally* ECF No. 1.)

In accordance with the Supreme Court's decision in *Bell v. Wolfish*, 441 U.S. 520, 549 (1979), officials may not punish detainees before a court convicts them. *Hubbard v. Taylor*, 538 F.3d 229, 231 (3d Cir. 2008) (*Hubbard II*). To establish a constitutional violation under the Fourteenth Amendment, a pretrial detainee plaintiff would have to plausibly allege that the challenged conditions of confinement amount to "punishment." *See Bell*, 441 U.S. at 538 ("In

4

evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee."); *see also Bistrian v. Levi*, 696 F.3d 352, 373 (3d Cir. 2012) ("Given pretrial detainees' federally protected liberty interests . . . under the Due Process Clause . . . a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law.")

"[T]he ultimate question" is whether conditions are "reasonably related to a legitimate governmental objective." *Hubbard II*, 538 F.3d at 236 (quoting *Bell*, 441 U.S. at 549). The Third Circuit instructs courts to consider the totality of the circumstances of confinement, including any genuine privations or hardship over an extended period of time, and whether conditions are (1) rationally related to their legitimate purpose or (2) excessive in relation to that purpose. *Hope v. Warden York Cty. Prison*, 972 F.3d 310, 326 (3d Cir. 2020) (citing *Hubbard v. Taylor*, 399 F.3d 150, 159-60 (2005) (*Hubbard I*)).

In assessing whether conditions and restrictions are excessive given their purposes, the courts must acknowledge that practical considerations of detention justify limitation on "many privileges and rights." *Bell*, 441 U.S. at 545–46. Though not a convicted prisoner, a pretrial detainee "simply does not possess the full range of freedoms of an unincarcerated individual." *Id.* at 546. As the Supreme Court cautioned in *Bell*:

> In determining whether restrictions or conditions are reasonably related to the Government's interest in maintaining security and order and operating the institution in a manageable fashion, courts must heed our warning that such considerations are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to the expert judgment in such matters.

441 U.S. at 540 n.23. The deference to prison officials' judgment is especially strong in the context of an "unprecedented" situation like COVID-19, where "responsive measures [were] specifically

5

implemented to detect and to prevent spread of the virus." *Hope*, 972 F.3d at 327 (concluding that conditions of confinement during COVID-19 did not amount to unconstitutional punishment); *McClain v. United States*, No. 21-4997 (SDW), 2021 WL 4820629, at *3–4 (D.N.J. Oct. 15, 2021) (dismissing without prejudice conditions-of-confinement claim by pretrial detainee where "restrictions confining prisoners to their cells for the majority of their days and denying in person family visits during COVID-19-related lockdowns" were "rationally related to a legitimate purpose – controlling the threat of COVID-19").

Here, Plaintiff alleges between December 14, 2021 and January 20, 2022, he was "locked down" for twenty-three-and-a-half hours a day, with no access to medical, legal, recreational, or sanitary means. (*Id.* at 5.) Plaintiff states there were no mandates in place at HCCF to help incarcerated individuals prevent the spread of Covid and HCCF is lacking in cleaning methods, gloves, masks, and other protective equipment, and food is served by personnel who were not medically cleared. (*Id.*)

Despite Plaintiff's general allegations, without more details about the lockdown measures and what cleaning methods or protective equipment were in fact provided, the Court cannot assess the totality of the circumstances to determine if these measures were "reasonably related to a legitimate governmental objective." *Bell*, 441 U.S. at 549. Plaintiff does not allege sufficient facts about the length of time he was deprived of recreation, legal, medical, or sanitary items. It is unclear if Plaintiff was "locked down" continuously or sporadically from December 2021-January 2022. Additionally, Plaintiff makes a bald assertion that he was deprived these things, without submitting any facts regarding which items from "medical", "legal", and "sanitary" he was denied access to. Plaintiff also submits there was a "lack" of cleaning methods and protective equipment. However, Plaintiff fails to indicate if cleaning methods and protective equipment were completely withheld or if they were available, to what extent they were available.

In light of the substantial deference courts must provide to the judgment of corrections officials and the lack of well-pleaded facts regarding the length and extent of deprivations Plaintiff endured at HCCF, Plaintiff fails to state a claim for relief. *See Iqbal*, 556 U.S. at 676; *Bell*, 441 U.S. at 545-46. Therefore, the Court will dismiss without prejudice Plaintiff's conditions of confinement claim for failure to state a plausible claim for relief.

### 2. *Conspiracy*

The Court construes the Complaint as raising a conspiracy claim against Defendants Gheya Butler and Juan Zapata. (*See* ECF No. 1, at 4.)

To state a conspiracy claim, a plaintiff must allege some factual basis to support an agreement between the conspirators to violate the plaintiff's rights and concerted action by the conspirators. *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009); *Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012) ("the bare allegation of an agreement is insufficient to sustain a conspiracy claim"); *Desposito v. New Jersey*, No. 14-1641, 2015 WL 2131073, at *14 (D.N.J. May 5, 2015) (showing that two parties' actions had the same result insufficient to show conspiracy, conspiracy requires showing of actual agreement and concerted action).

The Complaint submits that Defendants Butler and Zapata are Social Service Ombudsmen. (*See* ECF No. 1, at 1.) The only allegation Plaintiff asserts against Defendants Butler and Zapata is that that they colluded to "neglect and disregard all complaints an[d] grievances" Plaintiff filed regarding his struggles at HCCF. (*Id.* at 4.) Aside from that conclusory allegation, Plaintiff fails to plead facts of an actual agreement or concerted action. As such, he has failed to state a claim of conspiracy. Therefore, the Court will dismiss Plaintiff's Section 1983 conspiracy claim without prejudice.

### B. Supervisor Liability Claim

Likewise, the Complaint fails to state a supervisor liability claim against Defendants County Executive Thomas A. DeGise and Director of HCCF Ronald P. Edwards. Aside from alleging Defendant DeGise is the County Executive and "totally oblivious to the functions an[d] violations present in HCCF" and Defendant Edwards "[D]irector of HCCF an[d] participates in the ongoing dehumanization of detainees [in] his facility," the Complaint makes no specific factual allegations regarding these Defendants. (*See* ECF No. 1, at 4.)

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1987). A plaintiff may establish supervisory liability under § 1983 by showing: (1) liability based on an establishment of policies, practices, or customs that directly caused the constitutional violation; or (2) personal liability based on the supervisor participating in the violation of the plaintiff's rights, directing others to violate the plaintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct. *Doe v. New Jersey Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015). "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode*, 845 F.2d at 1207. "Only those defendants whose inactions or actions personally caused [Plaintiff's] injury may be held liable under § 1983." *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1147 (3d Cir. 1990).

Here, the Complaint fails to allege that Defendants DeGise and Edward were involved in establishing a policy, practice, or custom that caused Plaintiff's alleged conditions of confinement issues. Nor does the Complaint alleges any facts against Defendant DeGise to show he participated in Plaintiff's conditions of confinement issues, directed anyone to violate Plaintiff's rights, or had knowledge of and acquiesced to the conditions at HCCF. Aside from the bald assertion that

Defendant Edward "participates in the ongoing dehumanization of detainees," (ECF No. 1 at 4), the Complaint does not contain sufficient factual matter against Defendant Edward. *See Twombly*, 550 U.S. at 555 (finding Plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action.) Accordingly, claims against Defendants DeGise and Edward are dismissed without prejudice for failure to state a claim.

To the extent Plaintiff is attempting to allege § 1983 claims against Hudson County he has failed to state a claim for relief. The liability of a municipality, like Hudson County, under 42 U.S.C. § 1983 is governed by *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Hudson County may not be found liable simply because it employs wrongdoers. *See id.* at 691-92; *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583 (3d Cir. 2003). Instead, Plaintiff must assert facts showing that the County had a relevant policy or custom, and that the policy or custom caused a violation of Plaintiff's constitutional rights. *See Natale*, 318 F.3d at 583-84; *accord Jiminez v. All American Rathskeller, Inc.*, 503 F. 3d 247, 249 (3d Cir. 2007) (stating that a plaintiff must show a "direct causal link between a . . . policy or custom and the alleged constitutional deprivation.") (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

Here, the Complaint only names Hudson County in the caption and is devoid of any factual allegations showing that a policy or custom of Hudson County caused any violation of Plaintiff's constitutional rights. As such, Plaintiff has failed to state a claim for relief against Hudson County and the Complaint is dismissed without prejudice against this Defendant.

### C. Persons Amendable to Suit under Section 1983

Plaintiff names HCCF as a defendant in the caption of his Complaint. Any claim against HCCF fails because this Defendant is not a "person" subject to liability under Section 1983.[1]

---

[1] Plaintiff also names the "Hudson County D.O.C." in the caption of the Complaint. Plaintiff does not name this Defendant in body of the Complaint, but the Court believes Defendant Hudson County Correctional Facility would be the same Defendant as "Hudson County D.O.C." and will not address that Defendant separately.

Section 1983 imposes liability on "[e]very person who, under color of [State law] . . . subjects . . . any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights . . . secured by the Constitution and laws." 42 U.S.C. § 1983 (emphasis added). To be liable under Section 1983, therefore, a defendant must be a "person." *See id.* It is well-established that state prisons and state agencies such as HCCF are not "persons" subject to liability under Section 1983. *See Almonte v. United States*, No. 17-5427, 2018 WL 3492146, at *3 (D.N.J. July 19, 2018) (finding Hudson County Correctional Facility is not a person subject to suit under § 1983); *see also Barrett v. Essex Cty. Corr. Facility*, No. 15-595 SDW, 2015 WL 1808523, at *3 (D.N.J. Apr. 16, 2015) ("A county jail, such as the Essex County facility, is not a person subject to suit under § 1983.") (citing *Kitchen v. Essex Cnty, Corr. Facility*, No. 12-2199, 2012 WL 1994505, at *3 (D.N.J. May 31, 2012)).

The Court, therefore, will dismiss Plaintiff's Section 1983 claims against HCCF with prejudice for failure to state claim, as a county jail is not a "person" subject to liability under Section 1983. *See Almonte*, 2018 WL 3492146, at *3.

### D. Personal Involvement Requirement

Finally, Plaintiff names Lieutenant Williams, Lieutenant Dilly and Sergeant Zabrana as defendants in the caption of his Complaint but fails to make a single allegation against these defendants in the body of the Complaint. (*See* ECF No. 1.) As such, Plaintiff fails to demonstrate their personal involvement in the alleged constitutional wrongs. For the reasons below, the Court will dismiss Plaintiff's Section 1983 claims against these Defendants without prejudice.

As explained above, a defendant in a civil rights action must have personal involvement in the alleged wrongs. *Rode*, 845 F.2d at 1207. Section 1983 liability, therefore, requires a "showing of direct responsibility" by the named defendant and eschews any "theory of liability" in which defendants played "no affirmative part in depriving any [one] . . . of any constitutional rights. . . ."

10

*Rizzo v. Goode*, 423 U.S. 362, 376–77 (1976). In other words, to establish Section 1983 liability, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Here, Plaintiff has not alleged or pleaded sufficient facts showing how Lieutenant Williams, Lieutenant Dilly and Sergeant Zabrana violated his civil rights. As Plaintiff fails to demonstrate their personal involvement, the Court will dismiss Plaintiff's Section 1983 claims without prejudice as to these Lieutenant Williams, Lieutenant Dilly and Sergeant Zabrana for failure to state a claim.

## IV.   CONCLUSION

For the reasons set forth above, the Court will dismiss with prejudice Plaintiff's Section 1983 claims against the Hudson County Correctional Facility for failure to state a claim. The Court will dismiss the remainder of the Complaint without prejudice.[2] Plaintiff shall have thirty (30) days to file an amended complaint to cure the deficiencies discussed above. An appropriate Order follows.

**DATED**: June 7, 2022

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge

---

[2] Because the Court dismissed all federal claims, the Court declines to exercise supplemental jurisdiction over any potential state law claim Plaintiff may have been attempting to bring. *See* U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction.")

11